NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BERTHONY EMILIEN, Individually and as Personal Representative of MARIE EMILIEN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>STULL TECHNOLOGIES CORP., and SEABOARD LIFE INSURANCE CO.,<br><br>Defendants. | : : : : : : : : : : : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 99-CV-5312 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon a motion by Stull Technologies Corporation ("Defendant") to extend the time for the filing of an amended or supplemental notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's motion is **denied**.

## I. <u>BACKGROUND</u>

  The complicated facts of this case were recited in this Court's June 21, 2004 Opinion. In the interest of judicial economy, I will not restate any facts previously discussed in that Opinion and began where that Opinion left off.

  The June 21, 2004 Order awarded Berthony Emilien ("Plaintiff") $13,195.00 as a statutory penalty and stated Plaintiff was entitled to medical benefits. (Plaintiff's Brief in

Opposition to Defendant's Motion to Extend Time for the Filing of an Amended of Supplemental Notice of Appeal ("Pl. Br.") at 3). Plaintiff then wrote a letter on June 23, 2004, requesting this Court to specify the amount of medical expenses awarded. (See, July 23, 2004 Letter). Defendant filed a timely appeal of the June 21, 2004 Order on July 21, 2004. On February 2, 2005, the Third Circuit issued a stay on issuing the briefing schedule until final judgment was entered by the District Court.

On May 20, 2005, this Court disposed of all issues in the case. The Court entered an Order awarding $23, 095 in medical benefits, plus interest, to Plaintiff and entered a judgment awarding fees and disbursements to Plaintiff's attorney in the total amount of $109,135.43, plus interest. (Pl. Br. at 4). Upon notification that all District Court proceedings were concluded, the Third Circuit issued a briefing schedule dated June 22, 2005. (Id.) Defendant then filed a motion with the Third Circuit for an extension of time to file its appeal brief and to amend its original notice of appeal to include appeals on this Court's more recent rulings. (Id. at 5). The Third Circuit issued an Order on July 8, 2005, stating that the thirty day time period to appeal the May 19, 2005, and May 20, 2005, decisions expired on June 20, 2005, and that the it lacked jurisdiction to either extend the time for filing a notice of appeal or allow a party to amend a notice of appeal. This prompted Defendant to file this motion for an extension on the appeal-filing deadline.

## II. DISCUSSION

Federal Rule of Appellate Procedure 4(a)(5) provides that:

    (A)    The district court may extend the time to file a notice of appeal if:
            (I)    a party so moves no later than 30 days after the time

>>prescribed by this Rule 4(a) expires; and
>>(ii) that party shows excusable neglect or good cause.
>(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5). Under this rule, if a party files a notice of appeal after the thirty day time period provided under Rule 4(a)(5)(A)(i), the party must show that the lateness of the filing was due to either excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). In defining these terms, the Third Circuit relies on the United States Supreme Court holding of <u>Pioneer Investment Services Company v. Brunswick Associates Limited Partnership et al.</u>, 507 U.S. 380 (1993). <u>See</u> <u>In re O'Brien Environmental Energy, Inc.</u>, 188 F.3d 116, 118 (3d Cir. 1999); <u>Consolidated Freightways Corporation of Delaware v. Larson</u>, 827 F.2d 916 (3d Cir. 1987).

In discussing the term 'excusable neglect' as used in the Federal Rules of Bankruptcy Procedure, the Supreme Court in <u>Pioneer</u> stated that:

> by empowering the courts to accept late filings where the failure to act was the result of excusable neglect . . ., Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.

<u>Pioneer</u>, 507 U.S. at 388. In an Opinion filed about six years prior to the <u>Pioneer</u> holding, the Honorable H. Lee Sarokin of the Third Circuit Court of Appeals expanded upon this point:

> Rule 4(a)(5)'s excusable neglect standard requires a case-by-case analysis. In order to judiciously apply the standard, a court must, at a minimum, make findings as to the reasons underlying counsel's inadvertence. There is a qualitative distinction between inadvertence which occurs despite counsel's

-3-

>affirmative efforts to comply and inadvertence which results from counsel's lack of diligence.
>
>Although every case must be examined on an ad hoc basis and it is impossible to compose an exhaustive list of factors relevant to a determination of whether excusable neglect has occurred, a thoughtful analysis of this issue in a particular context will, at a minimum, require a weighing and balancing of the following factors:  (1) whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure, Campbell v. Bowlin, 724 F.2d 484 (5th Cir.1984) (failure to read rules of procedure not excusable);  (2) whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, Airline Pilots v. Executive Airlines, Inc., 569 F.2d 1174 (1st Cir.1978) (mistake in diarying counsel's calendar not excusable); (3) whether the tardiness results from counsel's failure to provide for a readily foreseeable consequence, United States v. Commonwealth of Virginia, 508 F.Supp. 187 (E.D.Va.1981) (failure to arrange coverage during attorney's vacation which encompassed end of appeal period not excusable);  (4) whether the inadvertence reflects a complete lack of diligence, Reinsurance Co. of America, Inc. v. Administratia, 808 F.2d 1249 (7th Cir.1987);  or (5) whether the court is satisfied that the inadvertence resulted despite counsel's substantial good faith efforts toward compliance.

Consolidated Freightways Corporation of Delaware, 827 F.2d at 919.

Here, Defendant's attorney, Mr. Karl A. Fenske, fails to demonstrate that his delay was due to either excusable neglect or good cause.  Mr. Fenske alleges that his delayed request for an extension to file an appeal occurred because he did not receive a copy of the May 2005 Order until June 20, 2005, the date of which the thirty day time limit for appealing both the Order and Judgment ended.  While it does not appear that this excuse is manufactured, it is still unacceptable.  On January 31, 2005, Chief Judge Bissell issued a standing Order, which was adopted throughout the District of New Jersey.  The Order makes electronic case filing mandatory in all civil and criminal cases.  It also allows for exemptions if an attorney can show good cause.   Mr. Fenske never requested an exemption and has not signed up for electric filing as the Order requires. Had Mr.

Fenske complied with the Order he would have received prompt notice of the Court's May 2005 Order and Judgment immediately. All attorneys are required to comply with this Order and failure to do so does not qualify as excusable neglect. Mr. Fenske has not put forth any other reason this Court should extend the time period pursuant to Rule 4(a)(5). (See, Defendant's Notice of Motion to Extend the Time for Appeal). Therefore, Defendant's motion is denied for failure to either show good cause or excusable neglect.

### III. Conclusion

For the reasons stated, Defendant's motion to extend the time for appeal is **denied.** An appropriate Order accompanies this Opinion.

        S/ Dennis M. Cavanaugh  
        Dennis M. Cavanaugh, U.S.D.J.

Date:        February 7, 2006  
Original:   Clerk's Office  
Cc:         All Counsel of Record  
             The Honorable Mark Falk, U.S.M.J.  
             File